UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| DOCK ADKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 05-227-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JO ANNE BARNHART, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff Dock Adkins (Adkins) and Defendant Jo Anne Barnhart, Commissioner of Social Security (Commissioner).  [Record Nos. 9 and 11]  Through this action, Adkins seeks to reverse the decision of an administrative law judge (ALJ) concluding that he was not entitled to a period of disability, disability insurance benefits, and supplemental security income.  However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed.  For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Adkins.

## I.     BACKGROUND

Adkins filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on December 30, 2002.[1]  The claims were denied initially and upon

---

[1]      The Claimant previously filed two applications for Disability Insurance Benefits and Supplemental Security Income.  The first was denied on September 25, 1995, on initial review and the second was denied through a decision of an ALJ on December 19, 2002.

reconsideration. Thereafter, Adkins requested an administrative hearing before an ALJ. On July 8, 2004, a hearing was conducted before ALJ William H. Gitlow. During this hearing, the ALJ heard testimony from Adkins and Donald Woolwine, a vocational expert (VE). Thereafter, the ALJ issued a decision denying benefits to Adkins. [Transcript (Tr.), pp. 16-27] The ALJ concluded that Adkins retained the residual functional capacity to perform a significant range of medium work. [Tr., p. 26] Adkins' request for review was denied by the Appeals Council on May 18, 2005. [Tr., pp. 4-6]

At the time of the hearing, Adkins was a 42 year-old individual with a fifth grade education. [Tr., p. 17] He has past work experience as a truck driver. [Tr., p. 17] Adkins alleges disability beginning January 15, 1999, due to lower back pain, frequent dizziness, chest pains, anxiety, anger problems, depression and nervousness. [Tr., p. 17] After a careful review and evaluation of the medical evidence of record and testimony at the hearing from the Claimant and the VE, the ALJ found that Adkins had the residual functional capacity to perform a significant range of medium work. He concluded that Adkins was not disabled as defined in the Social Security Act and regulations. [Tr., p. 26]

## II.    LEGAL STANDARD

A claimant's social security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b); 20 C.F.R. § 416.920(b). Second, a claimant must show

that he suffers from a severe impairment.  20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c).

Third, if the claimant is not engaged in substantial gainful employment and has a severe

impairment which is expected to last for at least twelve months, which meets or equals a listed

impairment, he will be considered disabled without regard to age, education, and work

experience.  20 C.F.R. § 404.1520(d); 20 C.F.R. § 416.920(d).  Fourth, if the Commissioner

cannot make a determination of disability based on medical evaluations and current work activity

and the claimant has a severe impairment, the Commissioner will then review the Claimant's

residual function capacity ("RFC") and relevant past work to determine if he can do past work.

If he can, he is not disabled.  20 C.F.R. § 404.1520(f); 20 C.F.R. § 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing

past work, the Commissioner will consider his RFC, age, education and past work experience

to determine if he can perform other work.  If he cannot perform other work, the Commissioner

will find the claimant disabled.  20 C.F.R. § 404.1520(g); 20 C.F.R. § 416.920(g).  The

Commissioner has the burden of proof only on "the fifth step, proving that there is work

available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276

F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir.

1999)).

Judicial review of the denial of a claim for social security benefits is limited to

determining whether the ALJ's findings are supported by substantial evidence and whether the

correct legal standards were applied.  *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d

680, 683 (6th Cir. 1992).  The substantial evidence standard "presupposes that there is a zone

-3-

of choice within which decision makers can go either way, without interference from the court."
*Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as
adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v.
Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant
deference is accorded to the ALJ, the standard employed in these cases does not permit a
selective reading of the record. Instead, "substantiality of the evidence must be based upon the
record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal
of evidence. Rather, the substantiality of evidence must be taken into account whatever in the
record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984)
(citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even
if the Court would decide the case differently and even if the claimant's position is also
supported by substantial evidence. *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552,
555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of
Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and
Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are
conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts
may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of
credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the

job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence.   Credibility determinations are particularly within the province of the ALJ.  *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

### III.   DISCUSSION

Adkins raises one claim in this action: he asserts that the ALJ erred in failing to comply SSR 96-6p.  Specifically, Adkins argues that the ALJ failed to explain the weight he accorded the opinion of state agency medical expert, Dr. Jay Athy.  With respect to this issue, the Court notes that Title 20 of the Code of Federal Regulations, §§ 404.1527 and 416.927, contains detailed rules for evaluating medical and psychological opinions from sources which include state agency and other non-examining consultants.

Paragraph (b) of this section provides that such sources will be considered together with the rest of the relevant evidence in deciding whether a person is disabled.  Paragraphs (c), (d), and (e) then set out general rules for evaluating the record.  Paragraph (f) provides that findings made by state agency consultants become opinions at the administrative level and require that the ALJ consider and evaluate them when making a disability decision.  It states in relevant part that:

> We consider all evidence from non-examining sources to be opinion evidence. When we consider the opinions of non-examining sources, we apply the rules in paragraphs (a) through (e) of this section.  In addition, the following rules apply to State agency medical and psychological consultants, other program physicians and psychologists, and medical experts we consult in connection with administrative law judge hearings and Appeals Council review:

-5-

**       **       **

> (ii) . . . Unless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist, as the administrative law judge must do for any opinion from treating sources, nontreating sources, and other nonexamining sources who do not work for us.

20 C.F.R. §§ 416.927(f); 404.1527(f). Further, Social Security Ruling 96-6p provides in relevant part that:

> 1.    Findings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources at the administrative law judge and Appeals Council levels of administrative review.
>
> 2.    Administrative law judges and the Appeals Council may not ignore these opinions and must explain the weight given to these opinions in their decisions.

SSR 96-6p.

Dr. Jay Athy performed a psychological evaluation on the Claimant and prepared a report on April 16, 2003. The ALJ conducted a thorough review and analysis of this report. Specifically, the ALJ noted in his opinion the following findings of Dr. Athy:

> the claimant has moderate limitations in his ability to carry out detailed instructions, maintain attention and concentration for extended periods and interact appropriately with the general public. He felt the claimant was able to under stand, remember and carry out simple tasks, adequately relate to others and adapt to exceptions of a simple, routine task setting. He felt the claimant would function more effectively in a setting that is not excessively pressure. He felt the claimant has mild restriction of activities of daily living and moderate difficulties in maintaining social functioning. Dr. Athy further opined the claim has moderate difficulties in maintaining concentration, persistence or pace and has suffered no episodes of decompensation, each of extended duration.

[Tr., p. 22] In the same paragraph of his opinion, the ALJ also discussed the opinions of examining psychiatrist, Dr. Wayne Edwards.  Specifically, the ALJ stated that:

> On March 30, 2004, the examining psychiatrist, Dr. Edwards, concluded the claimant displayed a modest degree of depression.  He opined the Claimant has good to fair ability to relate to coworkers.  He felt he has fair ability to deal with the public, deal with work stresses, maintain attention/concentration, demonstrate reliability and understand, remember and carry out detailed, but not complex job instructions.  He felt he has poor ability to understand, remember and carry out complex job instructions.  Dr. Edwards further opined the claimant appeared to be able to work eight hours a day, five days a week without interference of psychiatric symptoms.

[Tr., p. 22] At the end of this paragraph, the ALJ indicated that Dr. Edwards' findings were entitled to significant weight inasmuch as they were "well-supported by the weight of the evidence of record." [Tr., p. 23]  Although the ALJ did not explicitly state the weight he accorded the opinion of Dr. Athy, this failure does not warrant reversal of the ALJ's decision.[2]

Notably, the findings of Dr. Athy are consistent with limitations that the ALJ found to exist.  The ALJ concluded that:

> the claimant retains the residual functional capacity to lift and carry 50 pounds occasionally and 25 pounds frequently.  He has fair ability (limited by (sic) satisfactory) to deal with the public, deal with work stresses, maintain attention/concentration, demonstrate reliability and understand, remember and carry out detailed, but not complex job instruction.  He has good to fair ability to relate to co-workers.  Also, he has poor ability (seriously limited but not precluded) to understand, remember and carry out complex job instructions.

[Tr., p. 23]  These findings are identical to those made by Dr. Edwards.  However, they are likewise consistent with Dr. Athy's overall evaluation of the Claimant's limitations.  Further,

---

[2]     The Claimant has not demonstrated good cause that would warrant remand for administrative consideration of new evidence.  However, inasmuch as the Claimant has not requested that this matter be remanded for further proceedings, the Court does not believe it is appropriate to address the issue of remand.

inasmuch as the decision specifically references Dr. Athy's consultative mental RFC assessment it is apparent that this report was neither overlooked or improperly ignored.

In summary, while the ALJ did not state with mathematical precision the weight given to the consultative report of Dr. Athy, he fully discussed the report and made findings consistent with Dr. Athy's evaluation.  Having reviewed the file of this matter, it is clear which evidence was accepted as the basis for the ALJ's decision.   Moreover, in light of the medical evidence, the vocational expert's testimony and Mr. Adkins' own testimony, the Court finds that the ALJ's assessment of Mr. Adkins' capability to perform a range of medium work is supported by substantial evidence.

### IV.    CONCLUSION

After reviewing the briefs submitted by the parties and the record before the ALJ, it is clear that the ALJ's opinion was supported by substantial evidence.  Accordingly, it is hereby

**ORDERED** as follows:

(1)    Claimant's Motion for Summary Judgment [Record No. 9] is **DENIED**;

(2)    The Commissioner's Motion for Summary Judgment [Record No. 11] is **GRANTED**; and

(3)    The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 26th day of January, 2006.

 Signed By:

**_Danny C. Reeves_** DCR

**United States District Judge**